**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         v.<br><br>MICHAEL PINA,<br>         Defendant, | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

**CRIMINAL ACTION**
**NO. 04-1796-CBS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         v.<br><br>DANIEL GOMES,<br>         Defendant, | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

**CRIMINAL ACTION**
**NO. 04-1797-CBS**

**MEMORANDUM OF PROBABLE CAUSE AND**
**ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION**
**June 28, 2004**

**SWARTWOOD, M.J.**

I.    Nature of the Offense and the Government's Motion

On June 22, 2004, two separate Criminal Complaints were filed, charging Michael Pina ("Mr. Pina")(04-1796-CBS) and Daniel Gomes ("Mr. Gomes")(04-1797-CBS), with possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §841(a)(1). Although this offense is charged against these Defendants in separate Complaints, the affidavit in support of these Complaints

is identical and recites the same facts in support of each Criminal Complaint. Therefore, these cases were consolidated for the purposes of a probable cause/detention hearing.

These Defendants were arrested on June 24, 2004, and initially appeared in this Court on that same date. At this initial appearance, both Messrs. Pina and Gomes were advised of their right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§3142(f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment),(f)(1)(C)(Defendants are charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), (f)(1)(D)(Defendants are charged with a felony and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1)(A), or two or more state of local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed) and (f)(2)(A)(risk of flight).

On June 25, 2004, a consolidated probable cause/detention hearing was held and at the inception of that hearing, both Messrs. Pina and Gomes agreed that if probable cause were found they would assent to an Order of Detention, but would reserve their right to a detention hearing in the future. This case then proceeded on the issue of probable cause and in that connection, Brendan Hickey, Special Agent of the Bureau of Alcohol, Tobacco and Firearms and

Explosives ("ATF"), testified on behalf of the Government and was cross-examined by Defendants' counsel.

## II.  Findings of Fact

1.   In the Spring of 2004, Special Agent Hickey started working with a cooperating witness ("CW"), who provided information to Special Agent Hickey that Messrs. Pina and Gomes were selling crack cocaine from a residence at 26 Sycamore Street, First Floor South, Apartment in New Bedford, Massachusetts.  Govt. Ex. 1.

2.   On April 1, 2004, the CW made arrangements by telephone to purchase a half ounce of crack cocaine from Mr. Pina.  The telephone conversation between the CW and Mr. Pina was monitored. Thereafter, on April 1, 2004, the CW met with Mr. Pina at a pre-determined location where s/he purchased a half ounce of crack cocaine for $600.  During this transaction, the CW wore a wire and law enforcement officials were able to monitor and record this transaction.  Mr. Pina arrived at the transaction as a passenger of a white Cadillac being driven by Mr. Gomes.  The cocaine transaction occurred with the CW on the outside of the white Cadillac and conducting the transaction with Mr. Pina who remained in the automobile.  The cocaine purchased by the CW was later sent to a lab for testing and was determined to be 10.07 grams of crack cocaine.  Govt. Ex. 2.

3.   On April 6, 2004, the CW and Mr. Pina made arrangements by telephone for the sale of an ounce of crack cocaine.  At some point during that day, when the CW could not reach Mr. Pina, the CW

called Mr. Gomes and Mr. Gomes told the CW that he was then with Mr. Pina and that Mr. Pina was "driving to get it" for the CW. Thereafter, the CW met with Mr. Pina, who was in the same white Cadillac as before with Mr. Gomes as the driver.  The CW wore a wire and the transaction was both monitored and recorded by law enforcement officials.  On this occasion, the CW paid Mr. Pina $1,200 for an ounce of crack cocaine.  The cocaine was subsequently sent to a lab for testing and was determined to be 24.88 grams of crack cocaine.  Govt. Ex. 3.

4.    A third transaction between the CW and Messrs. Pina and Gomes occurred on April 27, 2004.  Law enforcement surveillance officers observed Mr. Pina exit his apartment at 26 Sycamore Street and enter a dark colored Dodge Intrepid being driven by another person.  The CW and Mr. Pina then had a telephone conversation and agreed to meet at a location in New Bedford.  The CW again wore a wire and the transaction was both monitored and recorded.  The CW met Mr. Pina in the Dodge Intrepid and paid Mr. Pina $600 for a half ounce of crack cocaine.  The cocaine was later sent to a lab for testing and was determined to be 14.36 grams of crack cocaine. Govt. Ex. 4.

5.    Immediately following this drug purchase on April 27, 2004 and unrelated to this investigation, a New Bedford Police Officer stopped the dark colored Dodge Intrepid practically in front of 26 Sycamore Street.  That policemen identified the driver as Mr. Gomes and the passenger as Mr. Pina.  After the traffic

4

stop, surveilling agents related to this investigation, observed the Intrepid turn into the driveway for 26 Sycamore Street and saw Messrs. Gomes and Pina exit the Intrepid and enter Mr. Pina's apartment at 26 Sycamore Street.

### III.  Probable Cause

I find on three separate occasions that Messrs. Pina and Gomes were involved in the sale of crack cocaine to a CW; that these sales were monitored, recorded and surveilled; and that on April 27, 2004, a New Bedford Police Officer, unrelated to this investigation, stopped the dark colored Intrepid after the third crack cocaine sale and positively identified the occupants as Messrs. Gomes and Pina.  Therefore, I find probable cause for the offense charged against each of these Defendants in their separate Complaints.

### IV.  Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.  That Messrs. Pina and Gomes be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That Messrs. Pina and Gomes be afforded a reasonable opportunity for private consultation with counsel; and

3.   On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Messrs. Pina and Gomes are detained and confined shall deliver Messrs. Pina and Gomes to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

<u>RIGHT OF APPEAL</u>

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE